IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anam Abbas,<br><br>      Plaintiff,<br><br>v.<br><br>Early Warning Services LLC,<br><br>      Defendant. | No. CV-15-01976-PHX-DLR<br><br>**ORDER** |

  The Court has reviewed the Plaintiff's Notice of Motion and Uncontested Motion for Preliminary Approval of Class Action Settlement and Memorandum of Points and Authorities in Support Thereof. (Doc. 42.) For good cause shown,

  The Court has reviewed the Settlement Agreement[1] entered into by the Parties.

**IT IS ORDERED**:

  1. The Court provisionally certifies a class for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3), as follows:  All natural persons residing in the United States, any U.S. territory, the District of Columbia, or Puerto Rico who were the subject of one or more consumer reports prepared by Early Warning Services, LLC ("EWS") for employment purposes during the period from October 2, 2013 to July 1, 2016, which report or reports contained at least one Internal Fraud Prevention Service

---

[1]  Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Settlement Agreement.

1  ("IFPS") record that was, following the date it was reported, removed from the EWS
2  IFPS database as a result of either (1) a consumer's dispute of that IFPS record and
3  EWS's subsequent reinvestigation or (2) voluntary deletion by the contributor of that
4  IFPS record not as the result of a termination of the IFPS service.

5        2.      Excluded from the Settlement Class Members are any Released Party, any
6  consumer who has previously released his or her claims against EWS, and the Judge
7  overseeing the Litigation.

8        3.      The Settlement Agreement entered into between the Plaintiff Anam Abbas
9  and Defendant Early Warning Systems, Inc. as of September 16, 2016, appears, upon
10 preliminary review, to be fair, reasonable, and adequate to the Settlement Class.
11 Accordingly, the proposed settlement is preliminarily approved, pending a fairness
12 hearing as provided for herein.

13       4.      The Court finds this action is maintainable as a class action under Fed. R.
14 Civ. P. 23(b)(3) for settlement purposes.

15       5.      Pursuant to Fed. R. Civ. P. 23, Plaintiff Anam Abbas is approved as Class
16 Representative. This Court appoints the firms of Francis & Mailman, P.C. and
17 Mengedoth Law, PLLC as Class Counsel.

18       6.      This Court appoints RSM US LLP as the Settlement Administrator to
19 perform the duties set forth in the Settlement Agreement.

20       7.      The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P.
21 23(e) on **March 17, 2017 at 9:00 a.m.** in the United States District Court, Sandra Day
22 O'Connor U.S. Courthouse, Suite 526, 401 West Washington Street, SPC 79, Phoenix,
23 AZ 85003 for the following purposes:

24       a)      To finally determine whether, for purposes of settlement, this action
25 satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

26       b)      To determine whether the proposed settlement is fair, reasonable and
27 adequate and should be granted final approval by the Court;

28       c)      To determine whether a final judgment should be entered dismissing

the claims of the Class, with prejudice;

  d) To consider the application of Class Counsel for an award of attorneys' fees and expenses, and for an individual settlement and service award to the Class Representative; and

  e) To rule upon other such matters as the Court may deem appropriate.

8. Within ten (10) business days of the entry of this Order, Defendants shall provide the Settlement Administrator with the Class List in readable and searchable electronic form. The Settlement Administrator shall proceed with the notice plan as set forth in the Settlement Agreement.

9. The Court finds that the manner of giving notice set forth in the parties' Settlement Agreement fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10. The Settlement Administrator shall file, no later than twenty (20) days before the Final Approval Hearing, proof of mailing of notice to Settlement Class Members.

11. If a Settlement Class Member chooses to opt-out of the Class, such Settlement Class Member is required to submit a written and signed exclusion request to the Settlement Administrator, post-marked on or before the date specified in the Notice. A Settlement Class Member who submits a timely and valid exclusion request using the procedure identified in the Settlement Agreement shall be excluded from the Class for any and all purposes. No later than fifteen (15) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare and file with the Court under seal, and serve on counsel, a list of all persons who have submitted timely and valid exclusion requests.

12. A Class Member who does not file a timely and valid exclusion request shall be bound by all subsequent proceedings, orders, and judgments in the litigation. Prior to the date of the Final Approval Order, the Court may permit a Settlement Class Member who has filed a timely and valid exclusion request to withdraw such exclusion

1  request and to participate in the Settlement Agreement as if such exclusion request had
2  never been made.

3       13.    A Settlement Class Member may object to the settlement. To exercise this
4  objection right, the Settlement Class Member must provide written notice of the objection
5  via first class mail to the Clerk of Court, Class Counsel and Defendant's Counsel. For an
6  objection to be considered by the Court, the objection must be postmarked no later than
7  the last day of the opt-out period, as specified in the Notice. For an objection to be
8  considered by the Court, the objection must also set forth:

      a)    the name of the litigation and the case number;

      b)    the objector's full name, address, and telephone number;

      c)    a statement of each objection;

      d)    a written statement detailing the specific basis for each objection, including any legal and factual support that the objecting Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Settlement Class Member wishes to introduce in support of the objection;

      e)    the objector's signature (an attorney's signature is not sufficient).

14.    The right to object must be exercised individually by an individual Settlement Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

15.    All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Class Representative and for an award of attorney's fees and expenses, shall be filed not later than twenty (20) days before the Final Approval Hearing.

//
//
//

16. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

Dated this 3rd day of October, 2016.

Douglas L. Rayes
United States District Judge