Paul B. Mengedoth, Esq. (018507)
**MENGEDOTH LAW PLLC**
20909 N. 90th Place, Suite 211
Scottsdale, AZ  85255
Tel: (480) 778-9100
Fax: (480) 778-9101
E-mail: paul@mengedothlaw.com

James A. Francis, Esq.
John Soumilas, Esq.
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110
Tel: (215) 735-8600
Fax: (215) 940-8000
E-mail: jfrancis@consumerlawfirm.com
E-mail: jsoumilas@consumerlawfirm.com

*Counsel for Plaintiff Anam Abbas
and all other similarly situated individuals.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ANAM ABBAS, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>EARLY WARNING SERVICES, LLC,<br><br>Defendant. | No. CV-15-01976-PHX-DLR<br><br>CLASS ACTION<br><br>**PLAINTIFF'S UNCONTESTED MOTION FOR SERVICE AWARD AND AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES AND MEMORANDUM IN SUPPORT THEREOF** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.   INTRODUCTION ..............................................................................................................1

II.  ARGUMENT......................................................................................................................2

    A.   A $6,000.00 Service Award to Plaintiff Is Fair, Reasonable, and Uncontested by Defendant .......................................................................... 2

    B.   Class Counsel's Request for an Award of Attorneys' Fees and Litigation Expenses in the Amount of $90,000 Is Fair, Reasonable, and Uncontested by Defendant ................................................................. 3

        1.   The Hourly Rates of Class Counsel Are Reasonable.......................5

        2.   The Number of Hours Billed is Reasonable ....................................6

        3.   Other Factors....................................................................................7

        4.   Class Counsel Incurred $858.13 in Litigation Expenses .................7

III. CONCLUSION...................................................................................................................7

**TABLE OF AUTHORITIES**

**Cases**

*Bruno v. Quten Research Inst., LLC*, 2013 U.S. Dist. LEXIS 35066 (C.D. Cal. Mar. 13, 2013)..................................................................................................3

*Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (5th Cir. 1982)...............................................................5

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) ...............................4

*Chakejian v. Equifax Info. Servs., LLC*, 275 F.R.D. 201, 217 (E.D. Pa. 2011)...................5

*City of Riverside v. Rivera*, 477 U.S. 561 (1986) ..................................................................5

*D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379 (9th Cir. 1990)..................3

*Garner v. State Farm Mut. Auto. Ins. Co.*, 2010 U.S. Dist. LEXIS 49477 (N.D. Cal. Apr. 22, 2010)..................................................................................................3

*Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ................................4

*Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ..................3

*In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS 40729 (D.N.J. June 5, 2007) ...........................................................................................................3

*Iorio v. Allianz Life Ins. Co. of N Am.*, 2011 U.S. Dist. LEXIS 21824 (S.D. Cal. Mar. 3, 2011)..................................................................................................6

*Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67 (9th Cir. 1975)...........................................4

*Lingenfelter v. Astrue*, 2009 U.S. Dist. LEXIS 87685 (C.D. Cal. Sep. 3, 2009).................6

*Love v. Mail on Sunday*, 2007 U.S. Dist. LEXIS 97061 (C.D. Cal. Sept. 7, 2007).............6

*Morales v. City of San Rafael*, 96 F.3d 359 (9th Cir. 1996) ................................................4

*Pellet v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322 (W.D. Wash. 2009) .............................3

*POM Wonderful, LLC v. Purely Juice, Inc.*, 2008 U.S. Dist. LEXIS 110460 (C.D. Cal. Sept. 22, 2008)................................................................................................5

*Prison Legal News v. Schwarzenegger*, 608 F.3d 446 (9th Cir. 2010)................................6

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) .........................................2

*Sheppard v. Cons. Edison Co. of NY., Inc.*, 2002 U.S. Dist. LEXIS 16314 (E.D.N.Y. Aug. 1, 2002) ..................................................................................................2

*Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003) ....................................................3

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995)..........................2, 3

**Statutes**

15 U.S.C. § 1681n.................................................................................................................. 5

15 U.S.C. § 1681n(a)(1)(A) ................................................................................................... 2

15 U.S.C. § 1681o...................................................................................................................5

**Rules**

L. R. Civ. 54.2(A)-(M)........................................................................................................... 4

Plaintiff Anam Abbas ("Ms. Abbas" or "Plaintiff"), through her undersigned counsel, respectfully presents the following uncontested motion for an award of her reasonable and necessary attorneys' fees and litigation expenses. Plaintiff's motion is supported by the below Memorandum of Points and Authorities and the following documents, all of which are attached and incorporated by reference: (1) the Declaration of John Soumilas (Exhibit 1) and its Exhibits A-D; (2) the Declaration of Paul B. Mengedoth (Exhibit 2) and its Appendix I; and Plaintiffs' proposed order.

**I.   INTRODUCTION**

On October 4, 2016, the Court granted preliminary approval (Doc. 45) of the Settlement set forth in the September 19, 2016 Settlement Agreement in this class action matter. Pursuant to the Court's Order, Plaintiff now seeks an award of attorneys' fees and litigation expenses for Class Counsel and a service award for her efforts in connection with this action. As detailed herein, the requested service award for Ms. Abbas is fair and reasonable in light of her efforts on behalf of the Class. Additionally, the requested attorneys' fees and expenses are reasonable and in line with precedent.

The Parties to this matter have, at arm's length, and after negotiating relief for the class, negotiated an award of attorneys' fees and litigation expenses to which Defendant will not object, of $90,000. Class Counsels' fees are reasonable in light of the nearly full statutory damage recovery achieved by Class Counsel in this action and Class Counsel's actual time spent prosecuting this mandatory fee-shifting matter, as reflected in Class Counsel's lodestar, which is well in excess of the $90,000 request here.

In this matter, each Class Member who did not opt out will receive an automatic FCRA statutory damages payment of $900, without the need to submit a claim. This result

is close to the maximum statutory recovery of $1,000.00 available for a willful violation of the FCRA. 15 U.S.C. § 1681n(a)(1)(A). Further, payments to Actual Damages Class Members will be at least $3,500 and as much as $7,500. Given this excellent recovery for the Class, no Class Member objected to the Settlement, the service award, or the requested attorneys' fees and litigation expenses. Likewise, Defendant does not oppose this relief.

**II.    ARGUMENT**

    **A.    A $6,000.00 Service Award to Plaintiff Is Fair, Reasonable, and Uncontested by Defendant**

Service awards "are fairly typical in class action cases." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Such awards "serve an important function in promoting class action settlements." *Sheppard v. Cons. Edison Co. of NY., Inc.*, No. 94 CV-0403(JG), 2002 U.S. Dist. LEXIS 16314, at *16 (E.D.N.Y. Aug. 1, 2002). The Ninth Circuit has recognized that service awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-59.

Service awards are committed to the sound discretion of the trial court and should be awarded based upon the court's consideration of, *inter alia*, the amount of time and effort spent on the litigation, the duration of the litigation and the degree of personal gain obtained as result of the litigation. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

Here, Class Counsel respectfully requests that the Court approve a service award of $6,000 for Ms. Abbas, in recognition of her contributions toward the successful prosecution of this litigation. Ms. Abbas's service as class representative has been

2

laudable. She sought out relief not only for herself but also all other similarly situated, retained experienced class counsel, cooperated fully in the pre-suit investigation and in discovery, and provided document and other information needed to properly prosecute this matter and achieve a very favorable settlement for the class. Moreover, Defendant does not oppose a $6,000 service award to Ms. Abbas, which award was negotiated after, and separately from, the relief afforded to the Class. Ms. Abbas is deserving of a service award of $6,000.[1]

### B. Class Counsel's Request for an Award of Attorneys' Fees and Litigation Expenses in the Amount of $90,000 Is Fair, Reasonable, and Uncontested by Defendant

The Ninth Circuit has adopted a lodestar/multiplier approach for assessing the amount of reasonable attorney fees. *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990), *citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 434 n.9, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). Under a fee-shifting statute such as the FCRA, the lodestar method is generally the correct method for calculating attorneys' fees. *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). The lodestar/multiplier analysis has two parts. The Court first calculates the lodestar amount by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.

---

[1] The amount requested is in line with amounts awarded in other class action cases. *See, e.g., Bruno v. Quten Research Inst., LLC*, No. SACV 11-00173 DOC(Ex), 2013 U.S. Dist. LEXIS 35066, at *7-*8 (C.D. Cal. Mar. 13, 2013) (approving $8,000 incentive award); *Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV-08-1365-CW(EMC), 2010 U.S. Dist. LEXIS 49477, at *47 (N.D. Cal. Apr. 22, 2010) (service award of $20,000 was "well justified" given plaintiffs' efforts on behalf of the class) (compiling cases); *Pellet v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1330 (W.D. Wash. 2009) ("When compared to service awards in other cases, the $7,500 payments requested here are justified."); *In re Ins. Brokerage Antitrust Litig.*, No. 04-5184-GEB, 2007 U.S. Dist. LEXIS 40729, at *68 (D.N.J. June 5, 2007) (approving incentive award of $10,000); *Van Vranken*, 901 F. Supp. at 300 (approving service award of $50,000).

*Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The product of this computation yields a presumptively reasonable fee. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The Court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

Additionally, Arizona's local rules also contain a list of the following nonexhaustive factors closely tracking *Kerr*: (1) the time and labor required of counsel; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by counsel because of the acceptance of the action; (5) the customary fee charged in matters of the type involved; (6) whether the fee contract between the attorney and the client is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount of money, or value of the rights involved, and the results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship between the attorney and the client; (12) awards in similar actions; and (13) any other matters deemed appropriate under the circumstances. *See* L. R. Civ. 54.2(A)-(M).

Importantly, the Fair Credit Report Act (FCRA), the statute under which this class action was prosecuted, mandates reasonable attorneys' fees and cost in any successful action to enforce liability. 15 U.S.C. §§ 1681n and o. The purpose of awarding attorney fees under the FCRA is to encourage enforcement of the statute by consumers, acting as "private attorneys general." *See Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (5th Cir. 1982). In FCRA actions, attorneys' fees can be, and often are, much higher than the recovery received by plaintiffs. *See, e.g., Chakejian v. Equifax Info. Servs., LLC*, 275 F.R.D. 201, 217 (E.D. Pa. 2011) (large attorneys' fees award in FCRA class action "eminently reasonably" when fee request was less than lodestar and class members received credit monitoring only). However, because Plaintiff prevailed on the statutory fee-shifting FCRA claim, the fee award cannot be diminished to maintain some ratio between the fee and the individual statutory damages award and no proportionality analysis applies between the amount of the recovery for plaintiffs and the amount of attorneys' fees reasonably incurred in achieving that recovery. *City of Riverside v. Rivera*, 477 U.S. 561 (1986) (affirming award of $245,456 in fees where plaintiff received $13,300 in damages in civil rights litigation).

Here, the parties negotiated the mutually agreeable amount of $90,000 for Class Counsel's attorneys' fees and litigation expenses after, and separately from, the relief afforded to the Class. This amount is fair and reasonable when evaluated under the lodestar method as it less than the total amount of attorneys' fees actually incurred, $105,789.25.

        1.    *The Hourly Rates of Class Counsel Are Reasonable*

Class Counsel's requested hourly rates are in line with awards from elsewhere in the Ninth Circuit. *See, e.g., POM Wonderful, LLC v. Purely Juice, Inc.*, No. 07-2633, 2008 U.S. Dist. LEXIS 110460, at *11-*13 (C.D. Cal. Sept. 22, 2008) (partner rates of $750 to

$450 and associate rates of $425 to $275 were reasonable); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (affirming reasonableness of hourly rates where partner rates were up to $875, associates charged $425, and paralegals charged $190); *Iorio v. Allianz Life Ins. Co. of N Am.*, No. 05-CV-0633, 2011 U.S. Dist. LEXIS 21824, at *31 (S.D. Cal. Mar. 3, 2011) (rates from $410 to $750 for attorneys, and $195 for paralegals were reasonable); *Lingenfelter v. Astrue*, No. SA CV-03-00264-VBK, 2009 U.S. Dist. LEXIS 87685, at *11 (C.D. Cal. Sep. 3, 2009) ($600 is "reasonable"); *Love v. Mail on Sunday*, No. CV-05-7798-ABC(PJWX), 2007 U.S. Dist. LEXIS 97061, at *25 (C.D. Cal. Sept. 7, 2007) (approving partner rates of $540-$690 and associate rates of $305-$485).

Class Counsel Francis & Mailman, P.C.'s rates are as follows: $580 per hour for James A. Francis, $470 per hour for John Soumilas, $300 per hour for Jordan M. Sartell, and $200 per hour for Lauren KW Brennan. *See* Soumilas Dec. at ¶ 5, Ex. B. Class Counsel Paul Mengedoth's hourly rate is $425. *See* Mengedoth Dec. at ¶ 13. This Court should approve Class Counsel at the indicated rates in light of their significant experience litigating FCRA actions and the exceptionally good result obtained for the Class Members in this case.[2]

2.   *The Number of Hours Billed is Reasonable*

Class Counsel worked for approximately 295 hours during the course of this action for a total lodestar of $105,789.25. These hours are properly described in the attached declarations of Soumilas and Mengedoth and reasonably incurred in the prosecution of this

---

[2] The rates requested in this Motion are Class Counsel Francis and Mailman, P.C.'s lower, 2014 rates. *See* Exhibit B to Soumilas Declaration. The firm's rates for similar work are slightly higher in 2017.

6

action. Notwithstanding, in the interest of obtaining a good settlement result for the Class Members, Class Counsel negotiated with Defendant such that Defendant agreed not to contest an attorneys' fees award of $90,000.00. Class Counsel urges this Court to award that sum in light of the agreement of the Parties and the good result obtained for the Class Members.

### 3.   *Other Factors*

The universally favorable reaction of the class supports approval of the fee award. No Class Member objected to the settlement or the fee award requested and only one Member requested to be excluded.

### 4.   *Class Counsel Incurred $858.13 in Litigation Expenses*

Class Counsel seeks reimbursement for $858.13 in litigation-related expenses reasonably incurred in the course of this action. *See* Mengedoth Dec., Appx. 1; Soumilas Dec. Exhibit C. This amount is included in the $90,000 amount negotiated by the Parties.

## III.   **CONCLUSION**

Class Counsel's request for $90,000 in attorneys' fees and litigation expenses is well within the range of awards that district courts have allowed in analogous cases. And against the backdrop of the significant and time-intensive work performed by Class Counsel in connection with this case, this award is fair and reasonable and should be approved. As noted, Defendant does not oppose these awards. Plaintiff respectfully requests that the Court approve a service award of $6,000.00 to Ms. Abbas, award Class Counsel attorneys' fees and litigation expenses of $90,000.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | **Francis & Mailman, P.C.** |
| DATE:  February 24, 2016 | */s/ John Soumilas* |

James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
100 South Broad Street, Suite 1902
Philadelphia, PA 19110
T: 215.735.8600
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com

Paul B. Mengedoth
**Mengedoth Law PLLC**
20909 N. 90th Place, Suite 211
Scottsdale, AZ 85255
T. 480.778.9100
paul@mengedothlaw.com

*Counsel for Plaintiff Anam Abbas and the Settlement Class*